UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| NEW MEXICO CATTLE GROWERS' ASSOCIATION,<br><br>            Plaintiff,<br><br> v.<br><br>UNITED STATES FISH AND WILDLIFE SERVICE, et al.,<br><br>           Federal Defendants,<br><br>CENTER FOR BIOLOGICAL DIVERSITY; MARICOPA AUDUBON SOCIETY,<br><br>          Defendant-Intervenors. | Civil Action No. 1:21-cv-3263-EGS |

**DECLARATION OF DAMIEN M. SCHIFF**

I, DAMIEN M. SCHIFF, am competent to testify and declare as follows:

  1.  I have personal knowledge of the facts stated in this Declaration, and if called as a witness, I could and would testify to these facts under oath.

  2.  I am a senior attorney with Pacific Legal Foundation and counsel of record for Plaintiff New Mexico Cattle Growers' Association ("Cattle Growers"), in the above-captioned matter. I am a member in good standing of the State Bar of California, and the Bar of this Court.

  3.  Following denial by the United States Fish and Wildlife Service of the Petition of the Center for Environmental Science, Accuracy, and Reliability, et al. to Remove the "Southwestern" Willow Flycatcher From the List of Endangered Species Under the Endangered Species Act Due to Significant New Data that Demonstrates Original Data Error, Fed. Doc. No.

1

FWS-R2-ES-2016-0039-0002, at 9 (Aug. 19, 2015) (the "Petition"), I submitted a request to the Service pursuant to the Freedom of Information Act (FOIA).

4. In that FOIA request I explained that "Pacific Legal Foundation (PLF) seeks information relating to the Service's denial of a petition to delist the Southwestern willow flycatcher from the Endangered Species Act . . . ." And I wrote that as a result, "PLF hereby requests the disclosure of all documents relied on, directly or indirectly, by the Service as part of its decision to deny the flycatcher delisting petition, 82 Fed. Reg. 61,725 (Dec. 29, 2017), including all written communications and memoranda."

5. Attached as Exhibit A is a true and correct copy of the FOIA request I submitted to the Service.

6. The Service acknowledged my FOIA request in a communication dated September 20, 2018. Attached as Exhibit B is a true and correct copy of the Service's September 20, 2018, acknowledgment of my FOIA request.

7. In a communication dated May 2, 2019, the Service produced a partial response to my FOIA request. That response purported to respond to my request for ". . . all documents relied on, directly or indirectly, by the Service as part of its decision to deny the flycatcher delisting petition, 82 Fed. Reg. 61,725 (Dec. 29, 2017), including all written communications and memoranda."

8. Attached as Exhibit C is a true and correct copy of the Service's May 2, 2019, partial response my FOIA request.

9. Enclosed with the Service's partial response was a compact disc containing numerous documents considered by the Service in its decision to deny the Petition. Of relevance to Cattle Growers' Motion to Compel Completion of the Administrative Record, that compact disc

contained a number of emails which had been exchanged by Service staff during the Service's consideration of the Petition.

10. Among these emails were: (1) an Email from Gjon Hazard, Fish & Wildlife Biologist, U.S. Fish & Wildlife Serv., to Angela Picco, et al. (May 9, 2017, 5:04 PM) (the "Hazard Email"); and (2) an Email from Greg Beatty, Fish & Wildlife Biologist, U.S. Fish & Wildlife Serv., to Gjon Hazard, et al. (May 15, 2017, 11:15 AM) (the "Beatty Email"). Both emails were released in full and unredacted form.

11. Attached as Exhibit D is a true and correct copy of the Hazard Email. Attached as Exhibit E is a true and correct copy of the Beatty Email.

12. In a communication dated May 16, 2019, the Service produced a final response to my FOIA request. That final response also enclosed a compact disc containing numerous documents considered by the Service in its decision to deny the Petition. Attached as Exhibit F is a true and correct copy of the Service's May 16, 2019, final response to my FOIA request.

13. By letter dated April 13, 2020, Cattle Growers provided the Secretary of the Interior and the Director of the United States Fish and Wildlife Service with written notice that in denying the Petition the Service had violated the Endangered Species Act and the Administrative Procedure Act.

14. After receiving no response to that written notice, Cattle Growers brought suit against the Service on December 13, 2021. *See* ECF No. 1. The Service filed an Answer to Cattle Growers' Complaint on March 7, 2022. ECF No. 10.

15. On March 22, 2022, Cattle Growers and the Service jointly moved for a scheduling order in this case. ECF No. 11. The Court adopted the parties' proposed schedule on March 25, 2022.

16. On May 4, 2022, after Defendant-Intervenors the Center for Biological Diversity and Maricopa Audubon Society moved for leave to intervene, the parties jointly moved for a modified schedule to accommodate the Defendant-Intervenors' participation. ECF No. 14. This Court adopted the parties' proposed amended schedule on May 6, 2022.

17. Pursuant to this Court's amended scheduling order, on June 16, 2022, the Service filed its certified index of the administrative record and served a copy of the proposed administrative record on counsel for Cattle Growers and the Defendant-Intervenors.

18. The proposed administrative record contained several emails which had been included in the Service's partial response to my FOIA request. It did not however include the Hazard Email or the Beatty Email. The copy of the Petition included in the administrative record also omitted a list of references which had been appended to the original Petition (the "Reference List").

19. Pursuant to this Court's amended schedule, on July 15, 2022, my co-counsel Charles Yates contacted counsel for the Service, Ms. Astrid Stuth Cevallos. Mr. Yates identified the above-noted omissions and requested that the administrative record be completed to include each of the three omitted documents.

20. On July 20, 2022, Ms. Cevallos responded to Mr. Yates' email, copying me. Ms. Cevallos represented that the Service agreed to complete the administrative record by including the omitted Reference List. Ms. Cevallos, however, represented that the Service believes the Emails are pre-decisional and deliberative, and that the Service would not be amending the administrative record to include the Emails.

21. Mr. Yates responded on July 26, 2022, informing Ms. Cevallos and counsel for the Defendant-Intervenors—Ms. Margaret Townsend—that Cattle Growers would be filing a motion

to compel completion of the administrative record with the Emails, before the August 17, 2022, deadline. Mr. Yates requested the parties' positions on that motion.

22. On July 28, 2022, Ms. Cevallos informed Mr. Yates and me that the Service would oppose any motion to complete the administrative record with the Hazard and Beatty Emails. Ms. Townsend represented that the Defendant-Intervenors take no position.

23. Cattle Growers now files its Motion to Compel Completion of the Administrative Record.

I declare under penalty of perjury that the foregoing is true and correct.

DATED: August 17, 2022.

Respectfully submitted,

*/s/* Damien M. Schiff
DAMIEN M. SCHIFF, D.D.C. No. CA00045
Email: dschiff@pacificlegal.org
Pacific Legal Foundation
555 Capitol Mall, Suite 1290
Sacramento, CA 95814
Telephone: (916) 419-7111
Facsimile: (916) 419-7747

*Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

I certify that I electronically filed and served the foregoing with the Clerk of the Court for the United States District Court for the District of Columbia using the CM/ECF system.

*/s/* Damien M. Schiff
DAMIEN M. SCHIFF, D.D.C. No. CA00045
Email: dschiff@pacificlegal.org
Pacific Legal Foundation
555 Capitol Mall, Suite 1290
Sacramento, CA 95814
Telephone: (916) 419-7111
Facsimile: (916) 419-7747

*Counsel for Plaintiff*
