

# EXHIBIT F




# United States Department of the Interior




FISH AND WILDLIFE SERVICE

Post Office Box 1306
Albuquerque, New Mexico 87103

In Reply Refer To:
FWS/R2/ES/FOIA
FWS-2018-01126 (Final)

Mr. Damien Schiff
Pacific Legal Foundation
930 G Street
Sacramento, California 95814

Dear Mr. Schiff:

This responds to your Freedom of Information Act (FOIA) request dated August 14, 2018, in which you seek the following:

> "... all documents relied on, directly or indirectly, by the Service as part of its decision to deny the flycatcher delisting petition, 82 Fed. Reg. 61,725 (Dec. 29, 2017), including all written communications and memoranda."

Your FOIA request was assigned tracking number FWS-2018-01126 and forwarded to the Arizona Ecological Services Field Office, the Southwest Regional Office Ecological Services Division, and the Endangered Species Program in Headquarters for processing. For this final response, portions of 10 records are partially redacted and 32 records are being withheld in full pursuant of FOIA Exemption (b)(5), as described below. The full release and partially redacted material are provided to you on the enclosed compact disc.

Exemption 5 allows an agency to withhold "inter-agency or intra-agency memorandums or letters which would not be available by law to a party... in litigation with the agency." (5 U.S.C. § 552(b)(5)). Exemption 5 therefore incorporates the privileges that protect materials from discovery in litigation, including the deliberative process, attorney work-product, attorney-client, and commercial information privileges.

We are withholding 41 documents in part or in full in accordance with the attorney-client privilege of Exemption 5. The attorney-client privilege protects confidential communications between an attorney and his client relating to a legal matter for which the client has sought professional advice and is not limited to the context of litigation. Moreover, although it

fundamentally applies to confidential facts divulged by a client to his/her attorney, this privilege also encompasses any opinions given by an attorney to his/her client based upon, and thus reflecting, those facts, as well as communications between attorneys that reflect confidential client-supplied information.

The information that has been withheld under the attorney-client privilege of Exemption 5 constitutes confidential communications between Federal attorneys and agency clients, related to legal matters for which the client sought professional legal assistance and services. It also encompasses opinions given by attorneys to their clients based on client-supplied facts. Additionally, the Federal employees who communicated with the attorneys regarding this information were clients of the attorneys at the time the information was generated and the attorneys were acting in their capacities as lawyers at the time they communicated legal advice. Finally, the U.S. Fish and Wildlife Service (Service) has held this information confidential and has not waived the attorney-client privilege.

Pursuant to the Commercial Information Privilege of Exemption (b)(5), we redacted a portion of one document. The information withheld under this privilege consists of active conference call telephone numbers and access codes, which could be used to conduct conference calls by parties outside the government or used to call in to monitor internal government conversations. We are withholding it because disclosure to the public would chill communications between federal employees and harm the government's ability to exchange information. When the government enters the marketplace as an ordinary commercial buyer or seller, the government's information is protected under the commercial information privilege if it is sensitive information not otherwise available, and disclosure would significantly harm the government's monetary functions or commercial interests. The theory behind the privilege is that the government may be placed at a competitive disadvantage or the consummation of a contract may be endangered if confidential information generated by the government is disclosed.

We reasonably foresee that disclosure would harm an interest protected by one or more of the nine exemptions to the FOIA's general rule of disclosure.

The released material includes draft documents and briefing materials (briefing papers, information memorandums, etc.) that technically meet the requirements to be withheld under the deliberative process privilege of FOIA Exemption 5 (5 U.S.C. §552(b)(5)), i.e., predecisional and deliberative documents that are part of the decision-making process and include opinions, recommendations, and/or deliberations on legal or policy matters. However, after consulting with our legal counsel, and carefully considering the parties involved, we believe there are no institutional, commercial, and/or personal privacy interests at risk with the release of these documents. Therefore, we are releasing the records to you in full as a discretionary release. Please note, that in exercising administrative discretion, the Service does not waive its ability to invoke applicable FOIA exemptions for any arguably similar information in future requests.

This response to your FOIA request was made in consultation with Frank Lupo, Attorney-Advisor, Office of the Solicitor, Southwest Region, U.S. Department of the Interior (Department). You may appeal this response to the Department's FOIA/Privacy Act Appeals Officer. If you choose to appeal, the FOIA/Privacy Act Appeals Officer must receive your FOIA

appeal no later than 90 workdays from the date of this letter. Appeals arriving or delivered after 5 p.m. Eastern Time, Monday through Friday, will be deemed received on the next workday. Your appeal must be made in writing. You may submit your appeal and accompanying materials to the FOIA/Privacy Act Appeals Officer by mail, courier service, fax, or email. All communications concerning your appeal should be clearly marked with the words: "FREEDOM OF INFORMATION APPEAL." You must include an explanation of why you believe the Service's response is in error. You must also include with your appeal copies of all correspondence between you and the Service concerning your FOIA request, including your original FOIA request and the Service's response. Failure to include with your appeal all correspondence between you and the Service will result in the Department's rejection of your appeal, unless the FOIA/Privacy Act Appeals Officer determines (in the FOIA/Privacy Act Appeals Officer's sole discretion) that good cause exists to accept the defective appeal.

Please include your name and daytime telephone number (or the name and telephone number of an appropriate contact), email address and fax number (if available) in case the FOIA/Privacy Act Appeals Officer needs additional information or clarification of your appeal.

DOI FOIA/Privacy Act Appeals Office
Department of the Interior, Office of the Solicitor
1849 C Street, N.W.
MS-6556 MIB
Washington, D.C. 20240
Telephone: 202-208-5339/Fax: 202-208-6677
Email: FOIA.Appeals@sol.doi.gov

Also, please note the 2007 FOIA amendments created the Office of Government Information Services (OGIS) to offer mediation services to resolve disputes between FOIA requesters and Federal agencies as a non-exclusive alternative to litigation. Using OGIS services does not affect your right to pursue litigation and does not affect the timing of filing an appeal with the Department's FOIA & Privacy Act Appeals Officer. You may contact OGIS in any of the following ways:

Office of Government Information Services
National Archives and Records Administration
8601 Adelphi Road - OGIS
College Park, MD 20740-6001
E-mail: ogis@nara.gov, Web: https://ogis.archives.gov
Telephone: 202-741-5770 / Fax: 202-741-5769 / Toll-free: 1-877-684-6448

You also may seek dispute resolution services from our FOIA Public Liaison, Cathy Willis at 720-425-5173 or via email at cathy_willis@fws.gov.

For your information, Congress excluded three discrete categories of law enforcement and national security records from the requirements of the FOIA. See 5 U.S.C. § 552(c) (2006 & Supp. IV (2010)). This response is limited to those records that are subject to the requirements

of the FOIA. This is a standard notification that is given to all our requesters and should not be taken as an indication that excluded records do, or do not, exist.

This completes the Southwest Region's response. The fees incurred in responding to your request have been waived in accordance with 43 C.F.R. §2.37. If you have any questions or concerns regarding this request, please contact Government Information Specialist, David Tischer, at 505-248-6658 or by email at fw2foia@fws.gov.

Sincerely,

MELANIE RUIZ
Digitally signed by MELANIE RUIZ
Date: 2019.05.16 13:21:33 -06'00'

Region 2 FOIA Coordinator

Enclosure (CD)